**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Wal-Mart, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LEUENBERGER,<br><br>        Plaintiff,<br>   vs.<br><br>WALMART, INC., a foreign corporation; and DOES I-V,<br><br>        Defendants. | CASE NO.:<br><br>[District Court, Douglas County Case No.: 2022-CV-00087, Dept. No.: 2]<br><br>**DEFENDANT WALMART, INC.'S PETITION FOR REMOVAL** |

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant WALMART, INC. ("Defendant") hereby files this Petition for Removal of the above referenced action from the Ninth Judicial District Court of the State of Nevada in Douglas County. In support of removal of this action, Defendant states as follows:

### I.   BACKGROUND

1. On May 13, 2022, Plaintiff ROBERT LEUENBERGER ("Plaintiff"), filed his Complaint against Defendant and various fictitious parties in the Ninth Judicial District Court of the State of Nevada in Douglas County, Case No. 2022-CV-00087. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. On June 9, 2022, Defendant filed its Answer. A true and correct copy of Defendant's

KB-27794

Answer is attached hereto as **Exhibit B**.

3. On or near August 12, 2022, Plaintiff filed an untimely Request for Exemption from Arbitration, alleging an amount in controversy in excess of $50,000.00. A true and correct copy of Plaintiff's Request for Exemption from Arbitration is attached hereto as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

5. Plaintiff's Complaint pleads one cause of action: negligence.

6. For damages in his Complaint, Plaintiff seeks judgement against Defendant for "damages to reasonably compensate [Plaintiff] for medical expenses, general damages, and appropriate damages for any residual impairment and future medical expenses," all in excess of $15,000. *See* Ex. A.

## II.   TIMELINESS OF REMOVAL

7. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

8. On May 20, 2022, Defendant, through its registered agent, was served with a copy of the Complaint.

9. Defendant is a foreign corporation, and Plaintiff is a resident of Nevada, which satisfies complete diversity of citizenship. *See* Ex. A.

10. On August 12, 2022, Plaintiff filed a Request for Exemption from Arbitration, which indicated he's claiming, at a minimum, $67,990.46 in medical bills. *See* Ex. C.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

KB-27794

11. On August 23, 2022, the Court issued a Notice of Entry of Order, granting Plaintiff's Request for Exemption from Arbitration. *See* Notice of Entry of Order, attached hereto as **Exhibit D**.

12. In light of the Court granting Plaintiff's Request for Exemption from Arbitration, it has become apparent that the amount in controversy, which includes Plaintiff's current medical bills of $67,990.46, plus any future treatment and residual impairment Plaintiff is alleging, satisfies the minimum $75,001 threshold, rendering the case eligible for removable.

13. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of Defendant's receipt of the Court's Notice of Entry of Order, granting Plaintiff's Request for Exemption from Arbitration.

## III.   DIVERSITY JURISDICTION

14. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A. Complete Diversity of Citizenship Exists**

15. For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another

state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

16. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.*, 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship, for diversity purposes, is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

17. The Plaintiff in this action is domiciled in, and a resident of, Nevada. *See* Ex. A.

18. Defendant WALMART, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* Ex. A.

19. Plaintiff's Complaint includes the assertion that Defendant is licensed in and conducts

KB-27794

business within Nevada. *See* Ex. A. However, this assertion is irrelevant to the question of diversity because citizenship, for the purpose of diversity, is determined *only* by the state of incorporation and the principal place of business of a corporation. As such, the fact that Defendant is doing business in Nevada does not render it a citizen of Nevada. *See Hertz,* 559 U.S. at 93.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

20. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc.*, No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

21. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. The amount in controversy is not facially apparent from the damages alleged in Plaintiff's Complaint.

22. However, as discussed above, Plaintiff's Request for Exemption from Arbitration indicated Plaintiff's claiming, at a minimum, $67,990.46 in medical bills. *See* Ex. C.

23. In light of the Court granting Plaintiff's Request for Exemption from Arbitration, it has become apparent that the amount in controversy, which includes Plaintiff's current medical

bills of $67,990.46, plus any future treatment and residual impairment Plaintiff is alleging, satisfies the minimum $75,001 threshold, rendering the case eligible for removable.

### IV. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

24. Plaintiff filed his Complaint in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

### V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

25. A Notice of Filing, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas, as required by 28 U.S.C. § 1446(d).

26. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

27. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit E.**

28. The allegations within this Petition of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

29. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 21st day of September, 2022.

ALVERSON TAYLOR & SANDERS

_____
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar#12283

KB-27794

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for WALMART, INC.*

### **CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 21st day of September, 2022, I did serve, via Case Management/Electronic Case Filing, a copy of the above **DEFENDANT'S NOTICE OF REMOVAL** and foregoing addressed to:

CHARLES M. KILPATRICK, ESQ.
ANGELA D. BULLENTINI, ESQ.
ADAM L. WOODRUM, ESQ.
KILPATRICK BULLENTINI WOODRUM
412 No. Division Street
Carson City, NV 89703
Tel: (775) 882-6112
Fax: (775) 882-6114
adam@kbwlegal.com
*Attorneys for Plaintiff*

_____
An Employee of ALVERSON TAYLOR & SANDERS

KB-27794