UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert Leuenberger,<br><br>                        Plaintiff<br><br>v.<br><br>Walmart, Inc.,<br><br>                        Defendant | Case No.: 2:22-cv-01598-CDS-BNW<br><br>**Order Denying the Parties' Motions for Summary Judgment**<br><br>[ECF Nos. 10, 14] |

      This is a negligence action brought by plaintiff Robert Leuenberger against defendant Walmart, Inc. for injuries sustained after Leuenberger used an allegedly defective wheelchair that was sitting in Walmart's pedestrian vestibule. ECF No. 1-2. Walmart moves for summary judgment. ECF No. 10. Leuenberger cross moves for summary judgment in his favor. ECF No. 14. Both motions are fully briefed. ECF No. 11; ECF No. 16; ECF No. 17; and ECF No. 20. For the following reasons, the court denies both motions for summary judgment.

**I.      Legal standard**

      The purpose of summary judgment is to see whether, based on the pleadings, the discovery and disclosure materials on file, and any affidavits, there is a genuine need for a trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

      An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions

of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp.*, 477 U.S. at 323–24.

The moving party—that is, the one seeking summary judgment—bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). However, if the moving party satisfies Rule 56's requirements, then the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

For motions where the moving party will bear the ultimate burden of proof at trial, such as with plaintiff's cross-motion for summary judgment here, plaintiff bears the burden of proof on all essential elements of his claims. *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). He also has, as the moving party, the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson*, 477 U.S. at 256. Stated otherwise, a moving plaintiff must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex Corp.*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Further, the "court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, 2015 WL 4579983, at *3 (D. Nev. July 29, 2015)

1  (citing *Anderson*, 477 U.S. at 249). In resolving summary judgment motions a "court can only
2  consider admissible evidence in ruling on a motion for summary judgment." *Orr*, 285 F.3d at 773.

3  II.     **Discussion**

4          Leuenberger's sole claim is for negligence. ECF No. 1-2. "It is well established that to
5  prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty
6  of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-*
7  *Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Ent.*, LLC, 180 P.3d
8  1172, 1175 (Nev. 2008)). A business owes a duty to its patrons "to keep the premises in a
9  reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). If an
10 agent or employee of the defendant causes the temporary hazardous condition, then "liability
11 may be found upon ordinary agency principles; respondent superior is applicable, and notice is
12 imputed to the defendant." *Eldorado Club, Inc., v. Graff*, 377 P.2d 174, 175 (Nev. 1962). When the
13 dangerous condition is not caused by the business that owns or controls the premises, "liability
14 will lie only if the business had actual or constructive notice of the condition and failed to
15 remedy it." *Id*. If a plaintiff does not have evidence that the defendant or its agent caused the
16 dangerous condition or had actual notice of such condition, then the plaintiff must offer proof
17 that the business had constructive notice of the dangerous condition. *Id.*

18         When a plaintiff's negligence claim is based on premises liability, the plaintiff must
19 prove that the defendant owned or had control of the premises, knew or should have known of a
20 dangerous condition that could cause injury, and failed to take adequate steps to prevent such
21 injury from occurring. *Foster v. Costco Wholesale Corp.*, 291 P.3d 150 (Nev. 2012). While a property
22 owner or occupant is not required to act as an insurer of safety for visitors, a business has "a
23 duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322. This
24 includes circumstances where there is a temporary hazardous condition on the property.
25 *Eldorado Club Inc.*, 377 P.2d at 176; s*ee also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev.
26

1964) ("The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care.").

Ordinarily the question of whether a defendant had constructive notice is usually a question of fact for the jury. However, to survive a motion for summary judgment, a plaintiff seeking to impose liability under a constructive notice theory in Nevada "is required to offer proof" that the owner "had constructive notice of the hazardous condition" in its store. *Rios v. Dollar Gen. Mkt. & Dolgen Midwest, LLC*, 2017 WL 3749495, at *2 (D. Nev. Aug. 29, 2017) (citing *Sprague*, 849 P.2d at 323).

### A. The parties fail to adequately litigate their motion for summary judgment.

The dilemma before the court is that both parties fail to adequately litigate their motion for summary judgment. The problems are pervasive. Starting with Walmart, its motion for summary judgment argues that the element of causation is vitiated because it was Leuenberger's own error which caused the incident and injury. ECF No. 10 at 4, 7. Walmart, however, does not even outline the general legal standard for causation, let alone provide points and authorities for why the court should grant summary judgment on the issue under these facts. *See id.* The *only* authority Walmart cites in support of its causation argument is a summary judgment order from this district in which the judge does not even reach the issue of causation. ECF No. 10 at 3 (citing Ex. A).[1] Walmart's reply addressing causation is similarly deficient. *See* ECF No. 16 at 4–5. It merely interprets video footage by narrating what Leuenberger did or did not do when he sat down in the subject chair but provides no analysis or points and authorities to support why these interpretations compel summary judgment on causation. *Id.* This is unavailing. *See e.g.,*

---

[1] In fact, Walmart's statement to the court regarding this case is a misrepresentation. It tells the court that: "It would not be the first time the United States District Court for the District of Nevada granted Defendant's Motion for Summary Judgment based on (1) Plaintiff's own error causing the Subject Incident and (2) Plaintiff's failure to produce any evidence that Defendant had actual and/or constructive notice of the hazardous condition. *See* Order Granting MSJ, Case Number 2:21-cv-01552-JCM-EJY, attached hereto as Exhibit A." ECF No. 10 at 3. However, as stated above, the order does not make a finding on how or whether plaintiff's own alleged error affected the outcome; it does not analyze causation at all.

*Herbert v. King Cnty.*, 2016 WL 3749048, at *6 (W.D. Wash. Mar. 8, 2016), *report and recommendation adopted*, 2016 WL 3670612 (W.D. Wash. July 11, 2016) ("[A defendant's] general statements are insufficient to meet their initial burden on summary judgment of establishing that plaintiff does not have the evidence to prevail at trial.").

Walmart also claims that summary judgment is appropriate because Leuenberger fails to proffer sufficient evidence to establish breach of duty, specifically notice to Walmart, whether actual or constructive. ECF No. 10 at 6–7; ECF No. 16 at 3–4. While more supported, this section is similarly underdeveloped and deficient in points and authorities, and the court declines to address it. *See Shahrokhi v. Harter*, 2020 U.S. Dist. LEXIS 235275, at *1 (D. Nev. Dec. 15, 2020) ("Courts only address well-developed legal arguments."); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed). Simply, it is not the court's job to do the legal research that Walmart has omitted or to make the arguments it has failed to develop in its request for summary judgment. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so . . . . We require contentions to be accompanied by reasons."); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("It is not our job to do the legal research that [the plaintiff] has omitted.").

While Walmart articulates a more supported argument for why Leuenberger has failed to establish causation in opposition to Leuenberger's cross motion for summary judgment (ECF No. 17 at 8), it is required to include in its *own* motion whatever facts, arguments, or citations it wants the court to consider in granting the relief sought. *See Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135–36 (9th Cir. 2001) ("[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits" and "[t]he court must rule on each party's motion on an individual and separate basis[.]") (internal quotation marks and citation omitted). Notwithstanding, Walmart's causation argument in its opposition is also

5

far from problem free. Indeed, the court notes that the *one* case citation Walmart provides in this section is *Judson v. Camelot Food, Inc.*, 104 Nev. 324, 330 (1988), for which Walmart not only provides an inapposite quote concerning the issue of breach instead of causation, but also quotes the dissent without so indicating.[2]

Leuenberger's motion for summary judgment does not fare much better. It is a moving plaintiff's burden at summary judgment to establish proof on all essential elements of his claim. *City of Santa Ana*, 336 F.3d at 888. Leuenberger's six-page jumbled motion does not even list the elements for negligence, let alone inform the court of how the applicable evidence establishes proof on each element. *See generally* ECF No. 14. Indeed, while the motion lists various pieces of evidence, it makes no attempt to explain to which element of negligence each piece of evidence belongs and supposedly satisfies.[3] *See id.* Leuenberger's four-page reply is marginally more structured but is similarly wholly underdeveloped and at times nonsensical. ECF No. 20. For example, in responding to the causation argument Walmart raises in opposition, Leuenberger replies that: "Walmart's causation argument is misplaced because the undisputed fact is the wheelchair should never have been available for use by disabled customers." *Id.* at 2. This confuses breach of duty and causation. Whether or not the fact that the wheelchair was sitting in the vestibule at the time Leuenberger used it constituted a breach of Walmart's duty is a wholly separate issue from whether any defects in the chair itself caused Leuenberger's injuries.

The court is also concerned and frustrated that the parties *both* appear to be overlooking key pieces of evidence. For example, Leuenberger argues in his cross-summary judgment reply

---

[2] Not only does Walmart blatantly misrepresent the holding of this case, which finds the opposite of the proffered quote, but causation *was not even an issue* discussed in *Judson*.

[3] For example, without preamble, Leuenberger begins his argument section by stating the "Plaintiff was deposed on February 15, 2023. He describes losing his balance and falling on his right shoulder when the right arm of the wheelchair broke as he attempted to stand up. See Exhibit "1" deposition of Robert Leuenberger at page 17, 1110-13." ECF No. 10 at 2. Leuenberger says nothing to how this piece of evidence fits into his burden of proof on any element of negligence. In fact, he just proceeds to list more pieces of evidence similarly without articulating for which element they provide proof. *See id.* It is not the court's job to speculate or make plaintiff's case for him, particularly a plaintiff represented by counsel.

that the evidence demonstrates that Walmart had constructive notice of the wheelchair (ECF No. 20 at 2),[4] but neglects to observe that Walmart's video footage of Leuenberger's incident contains footage proving that the subject wheelchair had been sitting in the vestibule for at least almost an hour prior to the incident.[5] *See Chasson-Forrest v. Cox Commc'ns Las Vegas, Inc.*, 2017 WL 1328370, at *1 (Nev. App. 2017) ("A defendant may have constructive notice of a hazardous condition if a reasonable jury could determine that based on the circumstances of the hazard the defendant should have known the condition existed."). It is not the court's job to litigate plaintiff's case for him, but the court will also not willfully ignore evidence that has been put before it by the parties in the summary judgment briefing.

In the interest of justice, and pursuant to my inherent authority to manage my docket,[6] I make the following decisions:

(1) both parties' summary judgment motions are denied because they each fail to carry their initial burden demonstrating why summary judgment in appropriate in their favor;

(2) pursuant to Local Rule 16-5, the parties are instructed to engage in meaningful settlement negotiations in an effort to resolve this case prior to trial within 45 days of this order. The parties **must** file a status report advising the outcome of the negotiations seven days after said negotiations conclude. If such efforts are unsuccessful, the parties may seek leave of court to refile summary judgment motions if they so choose which *fully litigate* the relief they seek from the court; and

---

[4] Despite, the court notes, avowing previously that this is a direct negligence, not constructive notice, case. ECF No. 11 at 3 ("This is not a constructive notice claim because placing the wheelchair in the pedestrian vestibule in the condition it was in is clearly negligent."). The court notes that there is no apparent evidence in the record suggesting that anyone at Walmart directly placed the wheelchair in the vestibule. To the extent the negligence claim survives, it would do so under an actual or constructive notice theory.

[5] ShareFile at 00:00–58:04.

[6] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (affirming "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

(3) if the parties do not settle and choose not to seek leave of court to file dispositive motions, the parties **must** file their joint pre-trial order 30 days after filing the settlement conference status report.

III.     Conclusion

IT IS THEREFORE ORDERED that Walmart's motion for summary judgment **[ECF No. 10] is DENIED**.

IT IS FURTHER ORDERED that Leuenberger's cross motion for summary judgment **[ECF No. 14] is DENIED**.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, the parties are instructed to meet for a settlement conference within 45 days of this order to resolve this matter.

IT IS FURTHER ORDERED that the parties file a joint status report advising the outcome of the settlement conference within seven days after it concludes.

IT IS FURTHER ORDERED that if the parties are unable to reach an agreement resolving the claim, the parties may seek leave of court to refile motions for summary judgment within 30 days of the failed settlement conference.

IT IS FURTHER ORDERED that if the case does not settle and the parties choose not to seek leave of court to file dispositive motions, the parties **must** file their joint pre-trial order 30 days after filing the settlement conference status report.

DATED: January 5, 2024

_____
Cristina D. Silva
United States District Judge